The declaration was in trover, for a sow, in the usual form, averring that, whereas, the plaintiff on, c., at, c., was lawfully possessed, as of his own property, of a certain swine, to wit: one sow, of great value, to wit: of the value of $20, lawful money, c., and being so possessed, casually lost the said swine, to wit: the said sow, out of his possession, and the same afterwards, to wit, on, c., at c., came to the possession of the said defendant by finding. Yet the said defendant, well knowing the said swine, to wit: the said sow, to be the property of the said plaintiff, and of right to belong and appertain to him, but contriving and fraudulently intending craftily and subtily to deceive and defraud the said plaintiff in this behalf, hath not as yet delivered the said swine, to wit: the said sow, to the said plaintiff, although often requested so to do; and afterwards, to wit: on the day and year last aforesaid, at, c., converted and disposed of the said swine, to wit: the said sow, to his own use, to the damage, c., c.
The defendant pleaded — 1. Not guilty; 2. act of limitations; 3. and the said Thomas Dazey, by, c., for a further plea in this behalf as to the taking and finding of the said sow, in the said declaration mentioned, and converting the same to his own use, as in and by the said declaration is supposed to have been done by this defendant, he, this defendant, by leave, c., says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that the said defendant, long before and at the time when, c., was lawfully possessed of and in a certain close, called _______, lying and being in Baltimore hundred, in the county *Page 446 
aforesaid; and because the said sow, at the said time, when, c. was in the said close of the said defendant, then and there eating up and destroying the corn and grass growing there, and there doing damage to the said defendant, he the said defendant, in his own right at the said time, when, c., took the said sow in the said declaration mentioned, so being in the said close called ____ aforesaid, and doing damage there as aforesaid, for and in the name of a distress, and drove and carried away the said sow, and impounded the same in a common pound there in Baltimore hundred aforesaid, to wit: at, c., and there confined and kept the same, a it was lawful for him so to do, for the cause aforesaid, which are the same taking and finding and converting and disposing of the said sow in the said declaration mentioned, whereof the said plaintiff hath above complained against him the said defendant, and this he is ready to verify; wherefore, he prays judgment, if the plaintiff to ought maintain his action against him, c.
Replications and issues as to the first and second pleas; and demurrer general and special to the third; 1. Because the said plea alledges no sufficient justification or excuse, nor any denial of the conversion or disposal of the said sow to the defendant's use, as in the declaration is charged. 2. Because the said plea amounts to the general issue. Joinder in demurrer.
Layton, in support of the demurrer. — This plea does not deny the conversion. It does not confess and avoid the cause of action. It is a plea of justification in trespass. (2 Chitt. Rep., 575.) It does not go far enough for trover. The taking may have been lawful, but the conversion unlawful. (1 Chitt. Plead., 522-23.) The plea must answer all it assumes to answer. There is no answer here to the conversion. (Ibid, 489-90.) Defendant pleading specially in trover, must admit the property to be in plaintiff and justify the conversion. Though the trespass may have justified the taking, it does not the conversion. (20 Johns. Rep., 426; 2 Salk. Rep, 637-8; 1 Lord Raym., 38, s. c.; Cro. Eliz., 97.) The conversion is traversable, it must be denied therefore. (Ibid, 529;Stephens' Plead., 205-6-7-8, 218-19, Appendix, 61, note 50; 2 Mees. Wells., 94; 10 Ibid, 585.)
Mr. Cullen. — The plaintiff admits that this would be a good plea in trespass. There is no difference between them, as to the pleading. The defendant may plead any thing that admits the property in plaintiff and the conversion, and justifies the latter. (2 Saund. *Page 447 Pl. Ev., 1142.) This plea does that. There is a general and special, conversion. If cattle are found damage feasant, they may be taken and held until restitution is made. This is a special conversion. The owner may bring either trespass or trover. Trover will lie wherever trespass will, but not e converso. At common law the owner must tender amends to release his beasts. (3 Blac. Com., 5, 6.) The taking and impounding is a conversion, as much as the killing would be, if it is lawful. If a party has the right to do the act, he may plead it; and the plea is a sufficient answer to the declaration. If the plaintiff asserts that we went beyond our rightful power to take and impound, he must reply it; as that we abused the beasts; killed the sow, c., which would make us trespassers ab initio. If the plaintiff seeks to avoid our plea of taking damage feasant, he must reply that the sow was there through default of fences, which we were bound to repair. (1 Wils. Rep., 20-1; 1Chitt. Pl., 597-8; 528-9.) Our plea confesses the conversion, and justifies it. (1 Chitt. Pl., 593, 497; 19 Wend. Rep., 463.)
Mr. Layton, in reply. — In trespass the point is the taking. In trover, the conversion; this plea of damage feasant applies, therefore, to the one, and not to the other. The one admits the taking and justifies it; in trover it only justifies the taking, which is not material. It does not touch the conversion, which is the only point. The impounding is not a conversion. (3 Wils. Rep., 19, 20.) The form of pleading is wrong. Not being a full denial, the plea should conclude with a special traverse, absque hoc, c. (Cro. Eliz., 97; Steph. Pl., 205.)
By the Court.
The essentials to the action of trover are property (general or special) in the plaintiff, and a right of possession to personal chattels, and a wrongful conversion by defendant. (2 Saund. Pl. Er., 1138; 1 Chitt. Pl., 164.) The taking, or rather finding, is not in issue, but the right of property and to the possession are; and the conversion, dependent upon these, is the gist of the action. For if the plaintiff have no right to the possession, there can be no unlawful conversion, as against him. The declaration necessarily avers the property and possession, and then adds the losing and finding, which are fictions not traversable, and the conversion, which is the gravamen. These may be denied, under the general issue, or a special defence denying either, may be specially pleaded. (1 Chitt, Pl., 491; spec. pl., 2; Chitt. Pl., 575.) Proof *Page 448 
of property, either general or special, usually draws the right of possession to it, unless the party have parted with it; and proof of a wrongful taking or wrongful assumption of property in the goods, or of a refusal to give them up, is proof of a conversion.
The plea here is, that the defendant took the sow in his close, damage feasant, and drove and impounded her as he well might, which is the conversion complained of, and concludes with a verification and prayer of judgment in the usual form. It is objected to this, that it does not confess the conversion, nor traverse it in the ancient form of absque hoc, c., and therefore does not answer the whole declaration; but non allocatur, for the taking and impounding under a claim of right is a conversion, unless it be justified. (2 Saund. Pl. Ev., 1165; 9 Adolph. Ell., 861; Weeding vs. Aldridge.) It admits the property in plaintiff and the conversion, and justifies the latter. (2 Saund. Pl. Ev., 1142.) It is a plea in confession and avoidance, and has the usual conclusion. (1 Chitty Pl., 497-8.)
The defence of taking damage feasant is as available in trover as in trespass. If the party have the right so to take, the form of action chosen by another cannot vary that right. If sued in trespass it justifies the taking; if in trover, the conversion; unless the plaintiff by his replication avoid it. Demurrer over-ruled.
 Judgment of respondeat ouster.